Milton **POLLACK**, Plaintiff,

v.

L. Stanley **CRANDALL**, Defendant.

United States District Court
S. D. New York.
Aug. 2, 1961.

**·254**

Milton Pollack, New York City, for plaintiff.

Charles G. Daley, New York City, for defendant.

DAWSON, District Judge.

Pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S. C.A., the defendant, L. Stanley Crandall, has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The plaintiff, Milton Pollack, as a judgment creditor of Tabulating Card Company, Inc. (hereinafter referred to as "Tabco") whose judgment has been returned unsatisfied, has initiated this action against Crandall. Pollack seeks to recover $46,479.73, together with interest, attorney's fees and costs, from the defendant. The sum was awarded him for his services and disbursements as a duly appointed appraiser of the assets of Tabco in a proceeding in the Supreme Court of New York. It was payable to him by Tabco.

The complaint alleges that the defendant and Clement V. Conole conspired to aid Tabco in transferring all of its assets to others without adequate consideration and that the transferees were owned or controlled by Crandall and Conole, or their nominees. It is further alleged that this transfer was made with the intent to hinder, delay and defraud the creditors of Tabco. The complaint concludes that Crandall is a voluntary transferee who has received assets from Tabco without consideration.

A motion under Rule 12(b) (6) tests the legal sufficiency of the complaint. In considering such a motion the material allegations of fact are taken as admitted, and the complaint will not be dismissed "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2 Moore, Federal Practice ¶ 12.08 (2d Ed. and Supp.1960).

Although the complaint is drawn in relatively general terms, without citing the statutory provision on which the cause of action is based, it appears that the plaintiff is proceeding on a theory of fraudulent conveyances. New York Debtor and Creditor Law, Art. 10. Such an interpretation is consistent with the allegations of a conspiracy to fraudulently transfer assets (Paragraph 11), concealment of the transfer with intent to hinder, delay and defraud creditors (Paragraph 12) and receipt of assets without consideration (Paragraph 15).

The Debtor-Creditor Law contains the following provisions which seem applicable:

"§ 273. Conveyances by insolvent

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

"§ 275. Conveyances by a person about to incur debts

"Every conveyance made and every obligation incurred without

fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors."

"§ 276.  Conveyance made with intent to defraud

"Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

"§ 278.  Rights of creditors whose claims have matured

"1.  Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser.

"a.  Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

"b.  Disregard the conveyance and attach or levy execution upon the property conveyed."

See Gruenebaum v. Lissauer, Sup.Ct. 1945, 185 Misc. 718, 57 N.Y.S.2d 137, affirmed 1946, 270 App.Div. 836, 61 N.Y.S. 2d 372; Horan v. John F. Trommer, Inc., Sup.Ct., 129 N.Y.S.2d 539, affirmed 1954, 283 App.Div. 774, 128 N.Y.S.2d 595.

We do not hold that the plaintiff is limited to this theory, nor do we intend to exclude all other theories.  At this moment all that is decided is that the complaint does set forth a claim which may be founded on the theory of fraudulent conveyances, and that such claim, as set forth, comes clearly within the statute.

The motion to dismiss the complaint is denied.